### Paul D. MORRIS

v.

### Robert H. FINCH, Secretary of Health, Education, and Welfare.

### Civ. A. No. 572.

United States District Court,
S. D. West Virginia.
Dec. 31, 1969.

---

Franklin W. Kern, Charleston, W. Va., for plaintiff.

W. Warren Upton, U. S. Atty., Charleston, W. Va., for Robert H. Finch.

## OPINION

FIELD, Chief Judge.

This is a review of a decision of the Secretary of Health, Education, and Welfare which denied the plaintiff's claim for a period of disability under 42 U.S.C.A. Section 416(i) and for disability insurance benefits under 42 U.S.C.A. Section 423. The case is now pending on defendant's motion for summary judgment, which plaintiff has opposed by brief. An earlier motion by plaintiff to remand the case to the Secretary was denied.

Plaintiff applied for a period of disability and for disability insurance benefits on August 17, 1965. That application was denied initially on December 27, 1965, and on reconsideration was again denied on November 25, 1966. Plaintiff then requested a hearing on his claim, the hearing being held in Charleston, West Virginia, on January 25, 1967. Subsequent thereto, on March 24, 1967, the hearing examiner denied plaintiff's application. Following a denial by the Social Security Administration's Appeals Council on May 25, 1967, of a request for review of the hearing examiner's decision, this action for review was timely filed.

Under 42 U.S.C.A. Section 405(g), the only issue before this Court is whether the Secretary's decision is supported by substantial evidence. In Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966), substantial evidence was defined as " * * * evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a scintilla of evidence, but may be somewhat less than a preponderance."

Plaintiff alleges that he became unable to work after December 30, 1964. Since he meets the special insured status requirements of 42 U.S.C.A. Section 423 through December 31, 1969, and since the onset of the alleged disability occurred before the Secretary's decision became final, plaintiff must establish by

credible evidence that his impairments meet the disability requirements of the Social Security Act.

The term "disability" as it applies to this case is defined in 42 U.S.C.A. Sections 416(i) (1) (A) and 423(d) (1) (A) as

"* * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months."

The evidence showed that plaintiff was born on November 2, 1922, and that he completed the fourth grade in school. He went to work in the coal mines when he was fourteen years old, and with the exceptions of a brief shipyard job in Baltimore and service in the military, he worked in the mines until the onset of the alleged disability. Plaintiff alleges that his disability since December, 1964, has been the result of an injured left knee, "bad arch" in his right foot, hemorrhoids, and a ruptured nerve in his chest. At the hearing, he also testified as to pain in his arms, legs, and back.

It is true that subjective evidence of pain and disability is a type of proof that may be considered in determining whether the Secretary's decision is supported by substantial evidence, Lackey v. Celebrezze, 349 F.2d 76 (4th Cir. 1965), as is evidence with respect to a claimant's age, education, and work experience. 42 U.S.C.A. Section 423(d) (2) (A). However, it is also true that objective medical facts and expert medical opinion are equally relevant factors in reviewing the Secretary's evidentiary determination with respect to whether or not a disability exists. Lackey v. Celebrezze, supra.

The medical evidence established that in December, 1964, plaintiff underwent surgery on his left knee, which had been injured in a mine accident. He was discharged from the hospital a month later, and was released for work six months later. Subsequently, plaintiff had a Veterans Administration examination, which indicated relatively normal heart, lung, and leg conditions, although there was some limitation of movement in the back. An orthopedic examination by Dr. Anderson showed the left knee to be essentially normal, despite plaintiff's limp, and weight exercises and physical therapy were recommended. Dr. Birckhead concluded, with no x-ray evidence, that there was a 25% partial permanent disability in the left knee. In addition, a full examination by Dr. Heffner, supplemented by Dr. Squire's x-ray evaluation, revealed a primarily normal physical condition, with the following exceptions: slight limitation of motion in the left knee, mild bronchitis, moderate hemorrhoids, and slight emphysema. Dr. Heffner concluded that these impairments were minor and that plaintiff ought to be capable of performing almost any kind of work. Finally, plaintiff was examined by Dr. Swart, who found some stiffness in plaintiff's left knee, and with respect to plaintiff's complaint of pain in the right arch, Dr. Swart recommended only that he wear an arch support in his shoe. Dr. Swart had no suggestions for the treatment of plaintiff's left knee.

This brief summary of the medical evidence shows that although plaintiff does have certain impairments, not one doctor found any of them, alone or in combination, to be so serious as to prevent plaintiff from engaging in any substantial gainful activity. Moreover, a vocational expert, Dr. Heiser, testified that based on the medical evidence and on plaintiff's age, education, and work history, plaintiff would be capable of performing light, sedentary kinds of employment in a non-dusty atmosphere. Dr. Heiser stated that such jobs were available in the vicinity of plaintiff's residence.

Thus, despite plaintiff's subjective claims of pain and disability, this court is of the opinion that there was substantial evidence in the record for the Secretary to find that plaintiff's physical

impairments were not so severe as to prevent him from engaging in any substantial gainful activity. Under the Social Security Act, it is not the function of a reviewing court to weigh the evidence or resolve conflicts in it, even when it is possible to draw a conclusion different from that of the Secretary. Snyder v. Ribicoff, 307 F.2d 518 (4th Cir. 1962). When the court determines that the administrative decision is supported by substantial evidence, it is obliged to affirm that decision. 42 U.S.C.A. Section 405(g). Furthermore, it appears that the Secretary based his decision on a thorough consideration of the entire record and did not rely on any one part of it to the exclusion of any other part so as to invalidate the decision. Cf. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964).

The only other question that remains to be considered concerns plaintiff's motion to remand, which was denied by order of this court on December 31, 1968. The purpose of the motion was to permit the Secretary to consider newly obtained evidence relating to plaintiff's condition. The new evidence consisted of 1) a report of an examination of plaintiff by Drs. Jones and Squire, 2) a report on plaintiff's physical condition by the Silicosis Medical Board, and 3) various other medical reports. The first two medical reports constitute the only new medical evidence of substance, inasmuch as the other reports are merely cumulative.

The report of Drs. Jones and Squire indicated that plaintiff had "minimal silicosis" but the doctors concluded that there was "no impairment of capacity for work therefrom." They did conclude that there was impairment of capacity to work because of non-pulmonary conditions. However, this latter conclusion would appear to be based on plaintiff's other impairments, which had already been found by the Secretary not to constitute a total disability. In addition, the examination related to a workmen's compensation claim for silicosis, and consequently was narrowly focused on chest impairments. No specific reasons were given for the finding of a non-pulmonary disability, which was purely conclusory. Hence, this conclusion is of little or no weight, and would therefore not change the outcome of the Secretary's decision if remanded.

The Silicosis Medical Board report found that plaintiff had silicosis in the first stage. Nevertheless, the Board stated its opinion to be that "this claimant's capacity to work has not been impaired by the disease silicosis." This conclusion would therefore negative any possibility of the Secretary's reversing the original decision.

Finally, the various other medical reports attached to the motion to remand are merely cumulative in relation to the evidence previously considered by the Secretary. Consequently, the order denying this motion will stand and defendant's motion for summary judgment will be, and hereby is, granted. Counsel may prepare an appropriate order incorporating this opinion by reference.