**Leonard WESLEY, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,
Defendant.**

**Civ. A. No. 2115–73.**

United States District Court,
District of Columbia.

Oct. 15, 1974.

James B. Gilbert, Washington, D. C., for plaintiff.

John R. Dugan, Asst. U. S. Atty., Washington, D. C., for defendant.

## MEMORANDUM–ORDER

GASCH, District Judge.

Pursuant to 42 U.S.C. § 405(g), plaintiff brought this action seeking judicial review of a decision by the Secretary of Health, Education and Welfare denying plaintiff's claim for a period of disability and for disability insurance benefits under Sections 216 and 223 of the Social Security Act, 42 U.S.C. §§ 416 (i), 423, respectively. The complaint asked for reversal of the Secretary's decision or, in the alternative, a remand for consideration of new evidence. Both the defendant and the plaintiff have moved for summary judgment.

Plaintiff's application for disability benefits, filed on October 21, 1971, was twice rejected by claims examiners. A hearing was then held at plaintiff's request on October 3, 1972; the Hearing Examiner found that plaintiff had been disabled since December 24, 1968, due to arteriosclerotic heart disease. The Appeals Council, on its own motion, held a *de novo* hearing, and on May 23, 1973, reversed the decision of the Hearing Examiner. The decision of the Appeals Council was adopted by the Secretary, thereby making final the denial of disability insurance to plaintiff. In order to be eligible for disability benefits, plaintiff must have been disabled, within the meaning of the statute, as of December 31, 1968.

The record reveals that plaintiff was born on June 1, 1915, and that he is a high school graduate with no special skills or training. For many years, plaintiff owned apartment buildings in Washington, D. C., and managed them himself. According to his disability application, he had worked in his buildings twelve hours a day, six days a week, keeping them in good repair and dealing with the tenants. In 1966, plaintiff suffered a heart attack, and he claims that he was physically unable to return to his business after that time.

Five medical reports were presented at the hearing. Records from the Mt. Sinai Hospital in Miami, Florida, show that Mr. Wesley was hospitalized on May 29, 1966, with acute inferolateral myocardial infarction, arteriosclerotic heart disease and hypertension. He left the hospital five weeks later despite doctor's advice that he remain for one more week. There is no evidence of any change in plaintiff's condition until December 24, 1968, when he entered a hospital in Puerto Rico with acute coronary insufficiency, Class III D. After five days in the hospital he was released and returned to his home. Plaintiff experienced a third myocardial infarction on November 10, 1972, when he was admitted to George Washington University Hospital, where he remained for one month. In addition to these hospital records, Dr. Stanley Kirstein, an internist who saw Mr. Wesley monthly from 1966 to 1971, reported on October

30, 1971, that plaintiff has a "healed posterior myocardial infarction" and "*rare* angina on extreme exertion," and "is able to carry on the usual activities of administrative work." In contrast to Dr. Kirstein's views, Dr. Wallace Yater reported in December, 1972, that Mr. Wesley is totally disabled from his heart condition; Dr. Yater's report, however, does not relate back past 1972.

Testimony was also taken in both hearings on plaintiff's physical ability to continue working as a landlord after 1966. In the first administrative hearing, Mr. Wesley testified that after his heart attack he continued to go to the office for approximately three hours a day and that his wife covered for him when he was sick. At the second hearing, however, he stated that after his first heart attack he never went to the office except to sit with his wife but that he called repairmen from his home.

█ To be eligible for disability benefits, a person must become disabled during a period in which he has met the special earnings requirements, 42 U.S.C. § 416(i). "Disability" is defined as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Regulations promulgated by the Social Security Administration add substance to this definition. Significant activity is deemed "the performance of significant physical or mental duties, . . . productive in nature," and activity is "gainful" if it is "for remuneration or profit (. . . whether or not a profit is realized) . . . ." 20 C.F.R. § 404.1532(b). The fact that an individual does less, or has less responsible work than formerly does not prevent his work from being considered substantial gainful activity; moreover, performing supervisory or advisory services or working part-time may demonstrate ability to engage in substantial gainful activity.

20 C.F.R. §§ 404.1532(f), 404.1533. The fact that plaintiff was last eligible for consideration for disability benefits on December 31, 1968, is undisputed. Therefore, the issue in this case is whether there is substantial evidence to uphold the Secretary's decision that plaintiff was able to engage in substantial gainful activity in accordance with the regulations outlined above.

█ A decision of the Secretary of Health, Education and Welfare concerning disability benefits must be upheld by a court if an examination of the administrative record reveals substantial evidence supporting the Secretary's conclusion. 42 U.S.C. § 405. Substantial evidence has been termed "relevant evidence as a reasonable mind might accept as adequate to support a conclusion", Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 711 (1970), quoting Consolidated Edison Co. v. N. L. R. B., 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). In viewing the record the court may not substitute its own judgment for that of the Secretary but must accept his views on the credibility of the witnesses and the inferences to be drawn from their testimony. Richardson v. Perales, *supra.* The Court of Appeals for the District of Columbia Circuit has recently outlined the role of the courts in reviewing decisions of the Social Security Administration:

> "In these matters deference is to be afforded the administrative decision and it is not for the trial court to review de novo the Secretary's final decisions as to findings of fact and the reasonable inferences to be drawn therefrom." Reyes v. Secretary of Health, Education and Welfare, 155 U.S.App.D.C. 150, 154, 476 F.2d 910, 914 (1973).

█ Viewing the evidence in the administrative record in light of the above standards of disability, the Court is compelled to uphold the Secretary's decision. The denial of benefits was largely based on the report of plaintiff's personal physician, Dr. Stanley Kirstein,

that plaintiff could perform "the usual activities of administrative work." It is urged that this report means that although plaintiff could do certain types of work, he could not continue in the tension provoking occupation of landlord. Without specific indication that this was Dr. Kirstein's meaning, such an inference would be unwarranted. The Secretary was justified in interpreting the statement to mean that plaintiff could continue the administrative activities of his business. Because Dr. Kirstein was the only doctor who attended plaintiff regularly through the whole period in question, his report may be given more weight than those of other doctors. It is true that Dr. Yater concluded that Mr. Wesley was disabled, but his opinion refers only to 1972, four years after the date on which plaintiff had to prove disability. The written report of a doctor who has examined the plaintiff is substantial evidence to support an adverse decision by the Secretary. Richardson v. Perales, *supra.* Therefore, Dr. Kirstein's report is substantial evidence to support the Secretary's denial of benefits.

A second basis for the Secretary's decision was the conclusion that plaintiff continued to work until his business was sold on July 1, 1971. The evidence in the record on plaintiff's work is ambiguous and contradictory, ranging from his statements on the disability report of December 3, 1971, that he worked until July 1, 1971, when he sold the buildings because he was no longer able to maintain them, to his testimony before the Appeals Council that he never worked after 1966. When there is conflicting evidence, the trier of fact may decide which of it to accept. Reyes Robles v. Finch, 409 F.2d 84 (1 Cir. 1969); and the Court may not reverse simply because it would have drawn different inferences. The Secretary relies on three reports of disability and work activity, and the record of the hearing before the administrative law judge also contains testimony that Mr. Wesley worked three hours per day. Because the So-

cial Security regulations provide that part-time or supervisory work may be substantial, the Court must uphold this finding.

Plaintiff's reliance on Meneses v. Secretary of Health, Education and Welfare, 143 U.S.App.D.C. 81, 442 F.2d 803 (1971), to show that he was disabled is misplaced. *Meneses* dealt with the burden of proof, an issue which has not been raised here. It is true that the plaintiff in *Meneses* had a Class III heart condition, as did the plaintiff here, but the Court of Appeals was concerned not with the exact diagnosis but with the fact that Meneses was actually discharged from his work as a Philippine Scout for medical reasons. In contrast, there is evidence to show that plaintiff here returned to his work part-time. Moreover, even if one were to read *Meneses* for the proposition that a person with a Class III heart condition is unable to perform military duty, regardless of other evidence, the case would not require the same conclusion for a different occupation, that of landlord. Furthermore, there was no medical evidence in *Meneses* indicating that the plaintiff was not totally disabled, whereas here, Dr. Kirstein's report supplies substantial evidence that plaintiff could do administrative work.

Plaintiff also has requested that the case be remanded to the Appeals Council for consideration of additional evidence, a letter from Dr. Lionel Roger who attended him in the hospital in 1968. Dr. Roger states that Mr. Wesley "would not be able to perform any emotional tension activities; for which I consider him totally disabled." Although the Appeals Council has not reopened the record to consider this letter, it has stated that it would not change its decision since the letter does not substantially differ from the hospital records which were available at the hearing. Remand may be ordered when a plaintiff shows "good cause." 42 U.S.C. § 405(g). This does not require a showing of evidence that would warrant a new trial, or require vacation

of a judgment. However, the evidence should add new information to the record; otherwise a remand would be pointless. Since the Council has declared that it will not change its decision, and because Dr. Kirstein's report constitutes substantial evidence, the Court concludes a remand is not justified.

In view of the foregoing, it is by the Court this 11th day of October, 1974,

Ordered that defendant's motion for summary judgment be, and the same hereby is, granted; and it is further

Ordered that plaintiff's cross-motion for summary judgment be, and the same hereby is, denied.