Nick D. GONZALES, Plaintiff,

v.

Joseph A. CALIFANO, Jr., Secretary of
Health, Education, and
Welfare, Defendant.

Civ. No. 76–595.

United States District Court,
D. New Mexico.

May 31, 1978.

Montoya & Montoya by Richard L. Lastrapes, Jr., Albuquerque, N. M., for plaintiff.

Victor R. Ortega, U. S. Atty., Alison K. Schuler, Asst. U. S. Atty., Albuquerque, for defendant.

MEMORANDUM OPINION

PAYNE, District Judge.

THIS MATTER coming on for consideration upon the motion of the defendant for summary judgment and the Court having reviewed the memoranda filed, together with the administrative record and the entire file in this cause, it is concluded that the motion is not well taken and should not be granted.

This is an action brought by Nick D. Gonzales, as plaintiff, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision by the Secretary of Health, Education and Welfare (hereinafter Secretary), denying his claim to a period of disability and to disability insurance benefits under Sections 216(i) and 233, respectively, of the Social Security Act, 42 U.S.C. §§ 416(i), 423. The complaint seeks reversal of the Secretary's decision. The defendant filed a motion for summary judgment, the plaintiff filed a brief in opposition seeking an order denying summary judgment, or in the alternative, a remand for the consideration of new evidence.

Plaintiff's application for disability benefits filed on November 22, 1974, was twice rejected by claims examiners. On July 18, 1975, the plaintiff timely filed a request for hearing. A hearing was held on October 3, 1975. The Administrative Law Judge (hereinafter A.L.J.), who conducted the hearing rendered his decision on October 10, 1975. The decision of the A.L.J. affirmed the prior rulings of the claims examiners and determined that the plaintiff was not entitled to a period of disability or disability insurance benefits under the provisions of the Social Security Act (hereinafter the Act).

Counsel for the plaintiff challenges the propriety of a motion for summary judgment in an action seeking judicial review pursuant to 42 U.S.C. § 405(g). The Tenth Circuit has held that the use of the summary judgment vehicle is inappropriate in actions seeking judicial review of administrative action. *See Heber Valley Milk Co.*

v. *Butz,* 503 F.2d 96 (10th Cir. 1974); *Nickol v. United States,* 501 F.2d 1389 (10th Cir. 1974); *Johnson v. Weinberger,* 388 F.Supp. 628 (D.Colo.1974). Therefore, defendant's motion for summary judgment must be denied.

The Court does, however, believe that the action is ripe for final disposition since all of the evidence is before the Court and oral argument is not required.

An examination of the record reveals that the plaintiff was born on May 24, 1951, and that he is a high school graduate [1] with no special skills or training. Following the completion of the eleventh grade the plaintiff went to work on a full-time basis as a laborer. At the time of plaintiff's accident he was employed by Jesco Construction Company and had been so employed for four years.

On March 13, 1974, while the plaintiff was operating a jack hammer, on the job, he struck an electrical cable which caused a severe shock which threw him against a wall a number of feet away. As a consequence of striking the wall plaintiff alleges that he is unable to lift heavy objects and to bend, stoop or stand in one position for a prolonged period of time and that he is in constant pain. Following the accident the plaintiff alleges that he was physically unable to return to work.

Four medical reports were introduced into evidence at the hearing. Records from St. Joseph's Hospital, Albuquerque, New Mexico, indicate that the plaintiff was hospitalized on September 16, 1974, upon the advice of Ronald W. Racca, M.D., suffering from lumbarization of the first sacral vertebrae. The purpose of the hospitalization was to determine if he had any type of

retrodisc or radicuoopathy. All of the test results were negative. On September 21, 1974, the plaintiff was released from the hospital wearing a lumbosacral corset.

The medical report, as well as the deposition of Dr. Racca indicates that the plaintiff has a congenital defect in the low back, a sacralization of the fifth lumbar vertebrae, which was aggravated by the March accident. Dr. Racca's prognosis in December of 1974 was that the plaintiff was improving and would be out of work for at least six months and full recovery from the low back pain, without surgery was guarded. Dr. Racca also recommended that the plaintiff undergo training for some type of work that did not require heavy lifting or a lot of physical labor.[2]

The medical reports of Doctors Gerald N. Gold and Federico Mora, however, concluded that there was no evidence of a permanent disability and they could not explain the plaintiff's persisting complaints.[3]

In reviewing the medical reports the Court finds that not a single doctor concluded that the plaintiff was permanently disabled.

■ To be eligible for disability benefits, a person must become disabled during a period in which he has met the special earnings requirements of the Act. 42 U.S.C. § 416(i). Disability is defined under the Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).[4]

---

1. The plaintiff completed requirements for his high school diploma after he had been injured in March, 1974.

2. Administrative Record p. 76, exhibit 11.

3. Administrative Record pp. 89–97, exhibits 13, 14.

4. Regulations promulgated by the Social Security Administration implementing the Act further defines substantial gainful activity as work activity that is both substantial and gainful.

Substantial work activity involves the performance of significant physical or mental duties, or a combination of both, productive in nature. Gainful work activity is activity for remuneration or profit (or intended for profit, whether or not a profit is realized) to the individual performing it or to the persons, if any, for whom it is performed, or of a nature generally performed for remuneration or profit. In order for work activity to be substantial, it is not necessary that it be performed on a full-time basis; work activity performed on a part-time basis

The sole issue before the Court is whether the Secretary's decision is supported by substantial evidence. *See, e. g., Felthager v. Weinberger,* 529 F.2d 130 (10th Cir. 1977); *Trujillo v. Richardson,* 429 F.2d 1149 (10th Cir. 1970). The Court is not free to weigh the evidence or to make its own findings of fact. The findings of the Secretary if supported by substantial evidence, are conclusive. *See Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1970); *Cooley v. Weinberger,* 518 F.2d 1151 (10th Cir. 1975); *Trujillo v. Richardson, supra; Gainey v. Flemming,* 279 F.2d 56 (10th Cir. 1960).

The Supreme Court in *Richardson v. Perales, supra,* articulated the following test of substantial evidence:

> such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id., 402 U.S. at 401, 91 S.Ct. at 1427.

During the hearing testimony was taken as to the plaintiff's ability to resume working. The plaintiff testified that since the accident he has been unable to return to work because of back pain. He also testified that he tried walking a short distance around his neighborhood but had to stop because of the pain.

Examining the evidence in the administrative record as a whole and applying the substantial evidence test of judicial review, the Court is compelled to uphold the Secretary's decision. The denial of benefits was based largely upon the medical report and deposition of the plaintiff's personal physician, Dr. Ronald W. Racca. Dr. Racca concluded that despite the plaintiff's complaints of pain, he should engage in some form of light or sedentary activity. The ability of the plaintiff to engage in such activity, after his injury, is buttressed by his successful completion of the graduation requirements to earn his high school diploma.

Moreover, since there was not any medical evidence introduced that the plaintiff was unable to resume gainful employment the Court finds that the decision of the Secretary is supported by substantial evidence.

While the Secretary did conclude that plaintiff's injury would preclude him from returning to his former employment as a laborer, that finding is not sufficient to entitle him to disability benefits. The test is whether the plaintiff can engage in any other kind of substantial gainful work.[5]

In the plaintiff's response to the motion for summary judgment he sought to have the action remanded to the Secretary for consideration of additional evidence. Plaintiff asserts that since his personal hearing he has undergone surgery for his back condition and he has been adjudicated totally disabled under the New Mexico Workmen's Compensation Act.

Remand is appropriate under the Act upon a showing of "good cause" for the taking of additional evidence before the Secretary. 42 U.S.C. § 405(g).[6] The new evidence, however, which plaintiff seeks to introduce is merely cumulative of evidence previously considered by the Secretary.

---

may also be substantial. It is immaterial that the work activity of an individual may be less, or less responsible, or less gainful, than that in which he was engaged before the onset of his impairment. 20 C.F.R. § 404.1532(b).

**5.** § 423(d)(2)(A) of Title 42, provides in pertinent part:

> An individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which

exists in the national economy. *See also* text accompanying note 4.

**6.** Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), specifies the circumstances under which social security appeals may be remanded to the Secretary for further administrative proceedings. That statute provides in pertinent part as follows:

> The court . . . may, at any time on good cause shown, order additional evidence to be taken before the Secretary, and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact on its decision, or both . . . .

Thus, plaintiff has failed to show "good cause" for the remand of this action. *See Gaultney v. Weinberger,* 505 F.2d 943 (5th Cir. 1974); *Locklear v. Mathews,* 424 F.Supp. 639 (D.Md.1976); *Hupp v. Celebrezze,* 220 F.Supp. 463 (N.D.Iowa 1962).

■ Evidence concerning the plaintiff's surgery following the decision of the Secretary is not sufficient, in the action at bar, to warrant remand to the Secretary. The plaintiff presented evidence during his hearing before the A.L.J. that surgery might be required to correct his back injury. Therefore, evidence regarding plaintiff's back operation would be cumulative of evidence previously considered.

■ The ability of an individual to qualify for benefits under the New Mexico Workmen's Compensation Act is not determinative of the issue of disability under the Social Security Act.[7] Moreover, the decree of a state court finding an individual totally disabled under the state workmen's compensation act is not conclusive on the issue of disability under the Social Security Act. *See Nelms v. Gardner,* 386 F.2d 971 (6th Cir. 1967).

The adjudication of plaintiff as totally disabled for purposes of the New Mexico Workmen's Compensation Act, while relevant, is not sufficient by itself to require remanding the action. The plaintiff has failed to show that if the evidence were part of the record the decision of the Secretary might be different. *Lucas v. Finch,* 322 F.Supp. 1209 (S.D.W.Va.1970), aff'd, 453 F.2d 1255 (4th Cir. 1972); *Hutchison v. Weinberger,* 399 F.Supp. 426 (E.D.Mich. 1975).

The medical reports and findings and the testimony of the vocational expert provide ample support for the decision of the Secretary. The Court finds, therefore, that the administrative decision is supported by substantial evidence in the record and the deci-

sion of the Secretary must be affirmed and the plaintiff's request to remand be denied.

---

7. The applicable regulatory provision implementing the Act specifically provides as follows:

The decision of . . . any other governmental agency that an individual is, or is not, disabled for purposes of any contract, sched- ule, regulation, or law *shall not be determinative* of the question of whether or not an individual is under a disability for the purposes of Title II of the Social Security Act. (emphasis added) 20 C.F.R. § 404.1525.