**Linn J. McCLEERY**

v.

**Robert FINCH, Secretary of Health, Education and Welfare.**

**Civ. A. No. 70-C-230.**

United States District Court,
S. D. Texas,
Corpus Christi Division.

July 6, 1971.

F. B. Lloyd, Alice, Tex., for plaintiff.

Charles B. Wolfe, Asst. U. S. Atty., Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

OWEN D. COX, District Judge.

This is an action under the Social Security Act, 42 U.S.C. § 405(g), to review a decision of the Secretary of Health, Education and Welfare holding that the claimant, Linn J. McCleery, had engaged in substantial gainful self-employment as owner of a welding shop and was therefore ineligible for further disability benefits, and that the claimant was at fault and liable for overpayment of benefits previously paid.

The Plaintiff herein, claimant before the Secretary, requests this Court to set aside the decision of the Secretary, to reinstate the disability benefits and to set aside the demand for refund of benefits previously paid. Defendant prays for dismissal of the complaint. The sole issue here revolves around the existence of substantial evidence to support the decision of the Secretary.

In July of 1964, the excision of claimant's tongue and voice box was performed with the result that he suffered a severe permanent medical impairment. On October 17, 1967, claimant filed an application for disability insurance benefits on the ground that he was so impaired by this tongue and voicebox excision that he was unable to engage in substantial gainful employment. On December 21, 1967, the Bureau of Disability Insurance awarded claimant a period of disability beginning July 1, 1964, and disability insurance benefits beginning October 1, 1966. This award was reversed on October 3, 1969, and subsequently demand was made on the claimant for all benefits paid, totaling $7,-613.00. On March 10, 1970, at a hearing requested by Plaintiff, the Hearing Examiner found that claimant had engaged in substantial gainful activity. This finding was predicated upon inferences the Hearing Examiner made from claimant's income tax returns for the years in question. The trial examiner stated:

"Since he claimed no inventory on hand at the end of 1968 and 1969, his purported purchase of nearly $9,000.00 of materials in 1968 and nearly $8,000.00 in 1969 for sale was so disproportionate to his labor costs, particularly as reflected in previous years, as to raise serious question as to the earnings claimed for 1968 and 1969. The claimant has portrayed a business with good demand and there have been no claims of business or technical problems to create the disproportionate costs of materials to labor. His only difficulty claimed in the conduct of the business has been his physical impairment. The ratio of labor and material costs to earnings in 1968 and 1969 is not justified.

"The earnings reported by the claimant for 1966 and 1967 on their face constituted substantial gainful activity. The earnings reported for 1968 and 1969 are so unrealistic in light of previous experience and questionable material costs as to result in a conclusion that he earned considerably more than $125 per month during 1968 and 1969." (Tr. 11)

The trial examiner candidly admitted the significant impact claimant's tax returns had on the issue of whether there was substantial gainful employment

here. For example, the trial examiner stated, "And so much of his (claimant's) work activity is documented here that *a lot* will depend on the interpretation given to his income tax reports for 1966 through 1969." (Tr. at 29.) (Emphasis added.) Having admitted the importance of the claimant's tax returns, the trial examiner then discredited them by stating without any support:

"I pointed out that the net amount on which income taxes are paid does not necessarily reflect the earnings which are utilized for the family because you have tax exemptions on which you don't pay taxes, and at the same time that same money which was for tax exemption was utilized as income for the family. There may be one or two points like that. I haven't analyzed it from the standpoint of other deductions. You have certain business deductions which reduce the amount of income tax, but at the same time that same amount of money was used for family expenses." (Tr. 29)

■ Thus, the evidence demonstrates a strong reliance by the trial examiner on his *unsupported interpretations* of what these tax returns mean. This he was not entitled to do. The trial examiner acted ill-advisedly in challenging the tax returns for 1968 and 1969 and other pertinent years which were sworn to by claimant. Until such returns are properly attacked with evidence normally expected in tax litigation, the examiner should have accepted, and this Court will accept those tax returns and the information therein as true and correct.

■ On the other hand, claimant offers very plausible reasons for the income reported. Claimant accounted for the rather large profit made in 1966, compared to the years 1967 through 1969, by pointing out that the increase had resulted from the sale of inventory. *Id.* at 49. Certainly, the supposedly high labor costs about which the examiner evidences some skepticism is adequately explained by the contractor-to-subcontractor relationship between claimant and a welder in his shop. See Tr. at 132. Further, the Court is of the opinion the substance of the tax returns is adequately supported in the record.

■ The trial examiner's finding that claimant stated he was closing out his business but failed to do so, is irrelevant. There is no relationship of such finding to a finding of substantial gainful activity. Clearly, a business may continue to operate on such a drastically reduced scale that income therefrom would be below the prescribed levels to make one eligible for disability benefits.

The Court is well aware that the reversal of evidentiary findings made by this examiner should not be done lightly. As stated by Judge Reynaldo G. Garza:

"Under Title 42, Section 405(g), it is not the Court's function to make its own appraisal of the evidence. The Court's review is not trial de novo, and if the Secretary applied the proper legal standards in reaching his decision, and if his findings are supported by substantial evidence, it must be upheld. Green v. Gardner, Secretary of Health, Education and Welfare, 391 F.2d 606 (5 Cir., 1968)." Casares v. Richardson, Secretary of Health, Education and Welfare (C.A. 70–B–11, S. D.Tex., May 25, 1971, at 2.)

■ The examiner, in finding fault with the claimant for failure to report a change in earnings, has decided that claimant must refund all benefits received. The Court's holding today—i. e., the failure of the record to show that claimant earned more than the allowable amount during the years in question, *a priori* calls for the conclusion that claimant has breached no duty to report changes in his earnings and should not, therefore, be required to refund any benefits received.

Therefore, it is ordered that Defendant's motion for dismissal of the complaint is hereby denied and claimant-plaintiff's motions for a setting aside of the decision of the Appeals Council and for a setting aside of the demand for refund are hereby granted.