*The petition for review is denied. The Board's order is enforced in full.*

**Daniela FALU, Plaintiff, Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.**

**No. 82–1447.**

United States Court of Appeals, First Circuit.

Submitted Oct. 8, 1982.

Decided March 29, 1983.

---

Rafael Carreras Valle, Rio Piedras, P.R., on brief for plaintiff, appellant.

Raymond L. Acosta, U.S. Atty., San Juan, P.R., J. Paul McGrath, Asst. Atty. Gen., Civil Division, Dept. of Justice, Washington, D.C., Annette H. Blum, Regional Atty., Washington, D.C., Annette Kasle, Asst. Regional Atty., Dept. of Health and Human Services, New York City, on brief for defendant, appellee.

Before COFFIN, Chief Judge, and CAMPBELL and BOWNES, Circuit Judges.

PER CURIAM.

Daniella Falu appeals pursuant to 42 U.S.C. § 405(g) from a judgment of the district court affirming the Secretary of Health and Human Services' denial of her second application for disability benefits. Falu claims that she is disabled under 42 U.S.C. § 423(a) by back pain and nerves. She argues that the Secretary's decision is not supported by substantial evidence and requests that the case be remanded for a new hearing for "additional new evidence."

Falu is a 46-year-old woman with a high school education and some secretarial training who worked for 21 years as a spool assembler in an electronics factory. This job required that she remain seated for eight hours a day. In October 1976 she ceased working because of back pain. She was treated and evaluated in physical ther-

apy at the State Insurance Fund (SIF). At that time the diagnosis was lumbosacral sprain related to her work. SIF records state that there were no findings of abnormality and treatment was not indicated. In June 1977, Falu returned to work but left in the middle of the second day because of the pain in her back. She returned to SIF, where in November 1977 a myelogram was performed. The results of that test were essentially negative although there was evidence of very old moderately severe scoliosis and possible degenerative changes in the discs. The discharge note recommended that Falu return to her normal activities.

On January 16, 1978 Falu submitted her first application for disability benefits, claiming that she was disabled as a result of a lumbosacral sprain. The Social Security Administration (SSA) denied this application on February 2, 1978; on March 17, 1978 it denied reconsideration. Falu did not appeal.

In March 1979 Falu reapplied for disability benefits, this time claiming that she was disabled because of her "nerves and back." The SSA disapproved this claim. In her request for reconsideration Falu claimed that she couldn't concentrate on anything because she was constantly preoccupied by the pain which radiated from her neck to her back. Reconsideration was denied. Falu sought and was granted a hearing before an administrative law judge (ALJ). The ALJ found that although Falu could not return to her former work because it required continual sitting and adherence to strict production standards, she could do noncompetitive sedentary, light or moderate work in jobs that would not require frequent lifting, bending, carrying, or prolonged sitting and in which she would not be subject to strict production or rapid execution requirements. On the basis of testimony from the vocational expert, he found that such jobs exist in the Puerto Rico economy. The ALJ therefore affirmed the Secretary's decision. The ALJ also found that any claim to disability for the period covered by her first application was barred by *res judicata.*

Falu appealed to the district court. Her complaint, filed on October 20, 1980, sought relief on the ground that the Secretary's decision was not supported by substantial evidence. According to the docket sheet, on March 31, 1981 she filed a memorandum with an attachment. Neither the memorandum nor the attachment is included in the record before this court. The magistrate's August 1981 report states that Falu submitted sixteen pages of psychiatric reports dated from August 1980 to February 1981. We assume that the attachment may have been the psychiatric reports. The magistrate's report admonished counsel that the district court does not consider new evidence and recommended that the Secretary's decision be affirmed. Falu promptly filed an objection to the report. On March 9, 1982 she filed a motion to submit a June 1981 psychiatric evaluation from the Puerto Rico Industrial Commission in Spanish. The motion also requested a remand. On the same day, March 9, the court, after "thorough consideration of all the evidence ... as well as the Secretary's findings", entered judgment for the Secretary. The judgment was dated March 8, 1982. On March 16, 1982 the court denied Falu's March 9 motion as moot.

On appeal Falu argues that the Secretary's decision is not supported by substantial evidence in part because she suffers from exertional and non-exertional impairments. She claims that the district court erred in refusing to consider the psychiatric report(s) she submitted to it and that her case should be remanded for additional evidence. She also claims that res judicata should not preclude review of her first application because her mental condition prevented her from understanding that she had a right to appeal and because she had no notice prior to the hearing that res judicata would be an issue. She also objects to the preformulated evaluation paragraphs used by the ALJ. We shall consider these claims in turn.

 To prevail on a request for a remand for new evidence, it is not enough merely to allege that there is such evidence.

"The party seeking the remand must present to the court the evidence it hopes to submit in the administrative proceeding should remand be granted or at least a general showing of the nature of the evidence." *King v. Califano,* 599 F.2d 597, 599 (4th Cir.1979), citing *Long v. Richardson,* 334 F.Supp. 305, 306 (W.D.Va.1971); *Bradley v. Califano,* 573 F.2d 28, 31 (10th Cir. 1978). This is required because we will grant the remand only if we conclude that the Secretary's decision might reasonably have been different had the new evidence been before him at the time of his decision. *King, supra.* The only new evidence in the record before this court is the June 1981 psychiatric evaluation in Spanish. The district court of Puerto Rico to which appellant moved to submit this report, requires that "[a]ll documents not in the English language which are presented to or filed in [that] Court, whether as evidence or otherwise, shall be accompanied at the time of presentation or filing by an English translation thereof." Rule 6, Rules of United States District Court for the District of Puerto Rico. No such translation was provided either below or on appeal. Nor has appellant provided to this court any part of the sixteen pages mentioned by the magistrate. It is appellant's duty "to insure inclusion in the record of all ... materials upon which [she] intend[s] to rely on appeal." *United States v. Johnson,* 584 F.2d 148, 156 n. 18 (6th Cir.1978), *cert. denied,* 440 U.S. 918, 99 S.Ct. 1239, 59 L.Ed.2d 469 (1979); *Rivera Morales v. Benitez de Rexach,* 541 F.2d 882, 884 n. 1 (1st Cir.1976); *United States v. One Motor Yacht Named Mercury,* 527 F.2d 1112, 1113 (1st Cir.1975); F.R.A.P. 11(a); 1st Cir.R. 8(a). Since there is nothing in the record, other than appellant's conclusory statements, to suggest that the Secretary's decision would have been different had he considered the more recent psychiatric reports, we reject Falu's arguments that the district court erred in denying the motion for remand and that this court should order a remand.[*]

■ Falu's argument that review of her first application for benefits should not be barred because her mental condition prevented her from understanding that she could appeal is also conclusory. She has presented nothing to support this claim. *Matos v. Secretary of Health, Education and Welfare,* 581 F.2d 282, 287 (1st Cir. 1978). Moreover, her claim of disability due to lumbosacral sprain was not supported by "medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Finally, Falu complains that the ALJ based his decision on preformulated paragraphs unrelated to her case. The administrative record includes examples of such paragraphs in other cases before this ALJ. And indeed in the identical language he has used in at least four other cases, the ALJ stated that Falu "sat easily and rose effortlessly during the hearing and spoke slowly, distinctly, and coherently. The claimant sat quietly in her chair and demonstrated no signs of restlessness or physical distractions." The transcript of the hearing, however, shows that Falu's counsel pointed out for the record that "she has been standing almost all the time, because she says that to be in the sitting position bothers her too much." We can understand that when an ALJ reviews hundreds of cases, many of which may present similar symptoms, similar formulations are bound to develop. *See, Locklear v. Mathews,* 424 F.Supp. 639, 647 (D.Md.1976). However, when such a formulation misstates the facts in a particular case, its use is unacceptable. Because of our concern about this issue, we issued an interim order in this case requiring that the Secretary file a memorandum responding to two questions: (1) Is the use of preformulated paragraphs sanctioned practice? and

---

[*] In fact, we have obtained an informal translation of the psychiatric evaluation from the Puerto Rico Industrial Commission. In it, Falu is diagnosed as suffering from an anxiety neurosis with hypochondriacal characteristics. She is described as lacking self-esteem, and suffering from feelings of inadequacy, frustration, and invalidism. Her mental state is termed slightly depressed. This evaluation is, in any case, not sufficiently different from the psychiatric records and reports which were before the ALJ to warrant a remand.

(2) What safeguards exist to ensure that an ALJ gave discriminating attention to a particular case, i.e., to ensure that the practice is not abused? Appellant was allowed a response.

We have now received the memorandum from the Secretary and a response from appellant. The Secretary explains that the use of preformulated language and structure is sanctioned practice, particularly since the advent of memory typewriters, because it saves time in the preparation of decisions. He attached "a sample of a standardized decisional format" that might have been used appropriately in this case. He also appended Social Security Ruling 82–58 containing policy regarding evaluation of symptoms such as pain, and stated that language contained in the Rule might also be used in decision paragraphs. The safeguards are described as including the following: reminders and memoranda to administrative law judges, the Office of Hearings and Appeals (OHA) Handbook, quality review of ALJ decisions, and review by the Appeals Council. Falu's response does not dispute the procedures laid out in the Secretary's response but claims that they were not followed in her case or, she says, in other cases whose findings she attaches to her response.

We think the Secretary's approach to the use of preformulated language and decision format makes sense and allows for appropriate attention to the facts in individual cases. We are, however, concerned about the safeguards, since clearly this case has traveled through the appeals process to this court with no mention of the preformulated language despite the fact that the claimant has consistently raised this issue. The record contains Falu's request that the ALJ assigned to her case not preside in part on the grounds that he uses such paragraphs, excerpts from four other cases before the same ALJ using the identical language, and the transcript in this case. Moreover, the government's brief is silent on this issue.

* This petition was originally heard on January 12, 1983, and was decided by order dated January 17, 1983. Such a summary disposition has no precedential value under our Local Rule

 We think the ALJ's use of preformulated language in this case was singularly inappropriate in view of the unrebutted observation of claimant's counsel that she had been standing for most of the hearing. However, the standard on review is whether the ALJ's findings are supported by substantial evidence, *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); 42 U.S.C. § 405(g), not whether each paragraph of the discussion is so supported. We think the findings themselves accurately describe Falu's condition, and that the conclusion that she is not disabled under 42 U.S.C. § 423(d) should stand. We trust that having brought this matter to the Secretary's attention, the OHA will use some of the time saved by the use of preformulated language to ensure that the preformulations are employed judiciously.

*Affirmed.*