Daniela Falu RIVERA, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. No. 84–0149(PG).

United States District Court, D. Puerto Rico.

Oct. 8, 1985.

Rafael Carreras Valle, Río Piedras, P.R., for plaintiff.

Fidel A. Sevillano-Del Rio, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

This is an action brought under Section 205(g) of the Social Security Act, as amended, (the Act) for review of the decision of the Secretary of Health and Human Services (the Secretary) which denied plaintiff's application for a period of disability and disability insurance benefits.

Plaintiff is a forty-nine-year-old woman with a twelfth-grade education and over twenty years of work experience as a welder (Tr. 35). On October 5, 1976, she reported backaches to the State Insurance Fund due to the type of work she performed as a factory operator. She filed an application for disability benefits on March 19, 1979. This Court sustained the denial of the administative law judge (ALJ) of her claim. The U.S. Court of Appeals for the First Circuit affirmed. *Falú v. Secretary of Health and Human Services*, 703 F.2d 24 (1st Cir.1983).

Plaintiff applied again for disability benefits on March 1, 1983, claiming she had been unable to work since September of 1980 due to a nervous condition and back pain (Tr. 70–73, 79). Plaintiff was insured for disability insurance benefit purposes until March 31, 1982 (Tr. 9). This application was denied at the initial stages of the administrative proceedings. The AJL found, after a *de novo* review of the record, that plaintiff was not under a disability (Tr. 10). The Appeals Council approved the ALJ's decision, which became the final decision of the Secretary. This case was inadvertently remanded by this Court in accordance with Section 2(d)(2) of the Act and was reinstated on August 2, 1985.

The sole question for this Court is whether the Secretary's determinations are supported by substantial evidence on the record as a whole. 42 U.S.C. 405(g); *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971);

*Falú v. Secretary of Health and Human Services*, 703 F.2d 24, 28 (1st Cir.1983). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Universal Camera v. N.L.R.B.*, 340 U.S. 474, 477, 71 S.Ct. 456, 459, 95 L.Ed. 456 (1951).

The ALJ concluded that the claimant had a status post-lumbo sacral sprain and a moderate anxiety disorder, but that she did not have a severe impairment. Therefore, the ALJ found that she was not disabled. The ALJ considered both the non-exertional and exertional impairment to reach his conclusion.

After a thorough consideration of all the evidence in this case, as well as the Secretary's findings and the issues presented by this appeal, this Court concludes that the Secretary's determination is supported by substantial evidence on the record as a whole.

Pursuant to the Act, the Secretary established Social Security Administration Regulation No. 4. Said Regulation provides for a set order to evaluate disability (20 C.R.F. § 404.1520(a)). In addition, a claimant's impairment must meet the 12–month duration requirement before being found disabling. If it is determined that a claimant is or is not disabled at any point in the review, further review is not necessary. 20 C.F.R. § 404.1520(a). In following the set order, the ALJ concluded that a decision on whether the claimant is disabled cannot be made based on work activity (the first step in the sequence). He did, however, use the second step to determine whether the claimant was disabled. Under this second step (20 C.F.R. § 404.1520(c)) if the impairment is not severe, a finding must be made that the individual is not disabled, regardless of age, education and work experience. To have a severe impairment the impairment or combination of impairments must significantly limit the claimant's physical or mental ability to do basic work activities. "Basic work activities" is defined in 20 C.F.R. § 404.1521(b). This section states:

(b) Basic work activities. When we talk about basic work activities, we mean the

abilities and aptitudes necessary to do most jobs. Examples of these include—

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

According to the ALJ, the medical evidence in the record indicated that the claimant had a mild to moderate status post-lumbo sacral sprain, no evidence of neurological deficit, and no marked loss of motion. He also found no medical evidence to support plaintiff's allegation of severe pain (Tr. 10). Such determinations are supported by substantial evidence on the record as a whole. In August of 1981, a clinical evaluation showed a mild diminishment of the lumbar lordosis and pain on deep palpation. Although there was a somewhat restricted range of motion, plaintiff could squat, sit, kneel, and the neurological examination was negative (Tr. 118).

Dr. Godreau also found on May 7, 1982, that plaintiff could occasionally bend, squat, crawl, climb and reach above shoulder level (Tr. 157).

Dr. Molinari felt there was a moderate scoliosis to the left, apex at L–3. He felt the claimant could be trained to perform activities that did not require prolongued standing, walking or repeated bendings. He felt that the plaintiff should not carry more than moderate weights (Tr. 131). An electromylogram and a lumbar myelogram were both normal (Tr. 136).

Dr. Marchan Matta also found that there was a moderate levoscoliosis. The pedicles and vertebral bodies were intact and the intervertebral spaces were well preserved (Tr. 155). The reviewing physician at the Department of Health and Human Services stated that the back did not show severe spasms nor muscular weakness (Tr. 111).

In summary, the evidence of the record did show that plaintiff has a mild to moderate sacral spasm but not severe enough to impede her from performing basic work activities. Plaintiff was able to squat, sit, kneel and walk. The neurological examination was negative and an electromyelogram, as well as a lumbar myelogram, were normal.

In relation to plaintiff's alleged nervous condition, the ALJ's findings of a moderate anxiety disorder and of no severe impairment that would bar plaintiff from performing any of the basic work activities was supported by substantial evidence on the record as a whole. The ALJ found, among other things, that by August 3, 1982, there were only somatizations, moderate anxiety and sadness (Tr. 10).

A special medical report dated March 5, 1980, found plaintiff to be coherent, logical and cooperative. Although her memory was poor for recent events, she was diagnosed as having a moderate anxiety reaction (Tr. 126). A later report from Dr. Ramón Piñero Rivera found plaintiff to be coherent and oriented in person, place and time. He also found her to complain of multiple somatic ailments, but that there were no delusional ideas or perceptual disturbances (Tr. 125).

Dr. Hernández' report, dated September 24, 1980, showed that plaintiff had a low average total I.Q. The plaintiff could evaluate social, institutional and family practices with a conventional judgment and could respond to ordinary situations with common sense. Plaintiff could perform numerical reasoning and other intellectual tasks, such as memorize material. Dr. Hernández also found that plaintiff had moderate features of depression, anxiety and tension, but these features would not keep her from her concrete vocational interests. Her vocational interests rested in working in a pastry shop. There was also ability for sewing. The doctor also found that there were suicidal ideas and feelings but that these were moderate. He did not discover

moments where his client tried to commit suicide (Tr. 141).

The medical evidence from the State Insurance Fund, in Carolina, Puerto Rico, covering the dates of August 25, 1980, to March 30, 1981, shows that plaintiff made remarkable improvement at the Occupation Therapy Program. The plaintiff became more alert and positive and with desire to get better. She related well with therapy members and maintained a friendly relation. She was observed to have a lot of manual dexterity and creativity (Tr. 191).

The final psychiatric report from the State Insurance Fund by Dr. Hoyos found plaintiff to have a moderate anxiety disorder. The report covered five interviews starting on March 1, 1982, up to August 3, 1982. At the first interview the examiner found plaintiff neither anxious nor depressed. Her flow of thought was logical and coherent and there were neither psychoses nor hallucinations. During the second interview the patient indicated she felt worse. She said she saw monsters, that she was afraid and had headaches, back pains and felt like crying. She complained of the same symptomatology up to the fifth interview; however, the doctor found that objectively plaintiff looked better (Tr. 167–168).

In summary, the ALJ's findings that plaintiff's nervous condition was not a severe impairment is supported by substantial evidence on the record as a whole. She was logical and coherent, she had use of judgment and could relate to others. Plaintiff could perform numerical reasoning and other intellectual tasks such as memorize material.

Plaintiff alleges that she meets the Listing of Impairment, Appendix I, Subpart P, Part IV, of the Secretary's Regulations, 20 C.F.R., Appendix I, (1983) Section 12.04, which in pertinent part provides:

Functional nonpsychotic disorders (psychophysiologic neurotic and personality disorders, . . .) with both A and B:

A. Manifested persistence of one or more of the following clinical signs:

1. . . .; or

2. Recurrent and persistent periods of anxiety, with tension, apprehension, and interference with concentration and memory; or . . . .

B. Resulting persistence of marked restriction of daily activities and construction of interest and deterioration in personal habits and seriously impaired ability to relate to other people.

The ALJ, however, was not bound to consider the above for 20 C.F.R. § 404.1520 states that if at any point in the review of the set order established by the regulations a claimant is found either disabled or not disabled, further review is not required. The above was the third step in the review while the ALJ's determination was based on the second step. Furthermore, assuming that the third step was used, there is no evidence in the record to show that there was interference with her concentration and of her ability to relate to other people. The record showed she was logical and coherent each time she had interviews with the physicians (Tr. 125, 167–168), and the record also shows she could relate well to other people even though she claimed she spent most of her time at home (Tr. 126, 191).

Therefore, this Court finds that there is substantial evidence in the record as a whole to support the Secretary's conclusion that both the nervous and back conditions were slight in nature and that there was no severe impairment to render the defendant disabled within the meaning of the Act.

■ On October 3, 1985, plaintiff filed a motion asking this Court to consider new and material evidence and to reverse the Secretary's decision. Said motion presents a report from the Department of Social Services' Vocational Rehabilitation, dated March 8, 1985. However, such report can not be considered by this Court as pertinent evidence to reverse the final decision of the Secretary. Plaintiff was insured for disability insurance benefit purposes only until March 31, 1982. This report is too far away from her insured period. Furthermore, for the same reasons, this Court

would not have remanded the case to the ALJ for further consideration.

WHEREFORE, in light of the applicable law and jurisprudence, the Secretary's decision is hereby AFFIRMED.

IT IS SO ORDERED.