Miguel GENOVA, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

Civ. No. 82–0743(PG).

United States District Court,
D. Puerto Rico.

Jan. 22, 1986.

Fabio A. Román García, Arecibo, P.R., for plaintiff.

Wanda Rubianes, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

This is an action brought under Section 205(g) of the Social Security Act, as amended, (the Act) for review of the decision of the Secretary of Health and Human Services (the Secretary) which denied plaintiff's application for retirement insurance benefits.

Plaintiff filed an application for old age insurance benefits on August 5, 1980. The application was denied initially (Tr. 73–75) and on reconsideration (Tr. 90–93). The administrative law judge (ALJ) found after a *de novo* review of the record that plaintiff was born on March 26, 1919, and therefore, had not met the age requirement of the Act at the time he filed his application (Tr. 94–99). This determination was affirmed by the Appeals Council on January 18, 1982 (Tr. 106). Plaintiff was subsequently awarded retirement insurance benefits effective March 1981 based on the date of birth determined by the ALJ (Tr. 34, 107–108). On August 26, 1982, this Court remanded the case to the Secretary for further proceedings (Tr. 6). In a recommended decision issued on July 22, 1983, the ALJ found that plaintiff was born on March 26, 1919, and concluded that plaintiff did not meet the age requirement of the Act on the date he filed his application (Tr. 6–11). Plaintiff claimed he was born on September 5, 1914. The Appeals Council adopted the findings and conclusions of the ALJ's recommended decision when it issued a decision on October 31, 1983 (Tr. 3–4).

The sole question for this Court is whether the Secretary's determinations are supported by substantial evidence on the record as a whole. 42 U.S.C. 405(g); *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Falú v. Secretary of Health and Human Services*, 703 F.2d 24, 28 (1st Cir.1983). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Universal Camera v. N.L.R.B.*, 340 U.S. 474, 477, 71 S.Ct. 456, 459, 95 L.Ed. 456 (1951).

In order to qualify for retirement insurance benefits, an individual must have attained at least age 62. 42 U.S.C. 402(a). An applicant for such benefits is required to furnish evidence of age which shows his date of birth. 20 C.F.R. § 404.715. The best evidence to prove age is either "a birth certificate or hospital birth record recorded before age 5; or a religious record which shows your date of birth and was recorded before age 5." 20 C.F.R. § 404.716. Other evidence, however, is also considered.

The documentary evidence in this case is the following:

| Document | Date Issued (I) or Recorded (R) | Age or Date of Birth Shown |
|---|---|---|
| Application for SS benefits | August 5, 1980 (R) | September 5, 1914 |
| Court Order | February 1, 1980 (R) | September 5, 1914 |
| Delayed Birth Certificate | July 28, 1980 (I) | September 5, 1914 |
| Sister's affidavit | October 10, 1979 (R) | September 5, 1914 |
| Application for SS Account number | April xx, 1949 (R) | December 19, 1919 |
| Baptismal Certificate (claimant) | March 27, 1920 (R) | March 26, 1919 |

| Document | Date Issued (I) or Recorded (R) | Age or Date of Birth Shown |
|---|---|---|
| Birth Certificate (claimant) | January 10, 1920 (R) | December 10, 1919 |
| U.S. Census Report | January 1, 1920 (R) | Age 3 |
| Birth Certificate (sister-Marina) | — | December 10, 1919 |
| Baptismal Certificate (sister-Marina) | January 25, 1920 (R) | December 10, 1919 |

According to the ALJ, plaintiff's baptismal certificate, issued on January 10, 1920, and showing March 26, 1919, as plaintiff's date of birth, had the highest probative value. Therefore, the ALJ concluded that when plaintiff applied for old age insurance benefits on August 5, 1980, he had not met the age requirement of the Act.

After a thorough consideration of all the evidence in this case, as well as the Secretary's findings and the issues presented by this appeal, this Court concludes that the Secretary's determination is supported by substantial evidence on the record as a whole.

According to the ALJ, the baptismal certificate had the highest probative value because such certificates are documents that record official ceremonies done by religious ministers. According to plaintiff, however, the baptismal certificate was inaccurate. Plaintiff argues that it was very likely that the church authorities lied in order to protect his parents from criminal charges for they had failed to report his birth to the Demographic Registry within one-year of its occurrence. See, 24 L.P.R.A. § 1131. Plaintiff also argues that the ALJ's finding that plaintiff was born on March 26, 1919, just a mere 257 days before his sister Marina was born, was unlikely because of the Puerto Rican belief that a woman who had just given birth to a child must undergo a quarantine before being allowed to have sexual contact again. Both of these arguments are extremely conjectural and cannot be used to overturn the ALJ.

According to the ALJ, the baptismal certificate also had the highest probative value in light of other evidence. For example, the ALJ found that the census record was inaccurate since it showed a three-year discrepancy between claimant's alleged birth date, September 5, 1914, and the date shown in the census report, that of January 1, 1920. The child was no less than three years of age (Tr. 87). Such a difference would have been obvious in a young child. Moreover, the baptismal certificate, which was recorded before plaintiff reached age 5, is preferred evidence while the census is not. Also, there is no other evidence that shows that plaintiff was born in 1917. Therefore, there was substantial evidence on the record as a whole to find the census report inaccurate.

The ALJ also found the corrected birth certificate that arose from a local court resolution to be inaccurate. Said resolution ordered the Demographic Registry to change plaintiff's birth certificate to September 5, 1914. However, the local court's resolution was based on a self-serving affidavit of plaintiff's 83-year-old sister. Therefore, there was substantial evidence on the record as a whole to support the ALJ's conclusion.

WHEREFORE, in light of the applicable law and jurisprudence, the Secretary's decision is hereby AFFIRMED.

IT IS SO ORDERED.