**Kenneth ZUREK**

v.

**Donna E. SHALALA, Secretary Health & Human Services.**

**No. CV–94–233–L.**

United States District Court, D. New Hampshire.

Nov. 16, 1994.

Raymond J. Kelly, Manchester, NH, for plaintiff.

David L. Broderick, Office of the U.S. Atty., Concord, NH, for defendant.

## ORDER

LOUGHLIN, Senior District Judge.

Presently before the court are plaintiff's Motion to Reverse and Remand (doc. 7) and defendant's Motion for Order Affirming the Decision of the Secretary (doc. 8).

Plaintiff, Kenneth Zurek, brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) (Supp.1993), seeking review of a final decision of the Secretary of Health and Human Services denying his claim for disability insurance benefits.

For the reasons set forth below, plaintiff's motion is granted in part and denied in part. Defendant's motion is denied.

## BACKGROUND

On September 29, 1992 Mr. Zurek filed applications with the Social Security Administration seeking Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), alleging an inability to work since November 21, 1989. Tr. 34, 62–64, 113–125. The applications were denied initially and again on reconsideration. Tr. 34, 76, 82, 128, 134. At plaintiff's request, a hearing was held on May 27, 1993, before an Administrative Law Judge (ALJ), for a determination of plaintiff's disability. Tr. 34.

In his decision, issued September 23, 1993, the ALJ determined that Mr. Zurek "is not entitled to a period of disability or disability insurance benefits under Sections 216(i) and 223 ... of the Social Security Act, and is not eligible for supplemental security income under Sections 1602 and 1614(a)(3)(A) of the Act." Tr. 18. The ALJ found, inter alia, that

> [t]he medical evidence establishes that the claimant has severe arthralgia of the knees, history of fracture of the right ankle and obesity, but that he does not have an impairment or combination of impairments listed in ... Subpart P, Regulations No. 4.

Tr. 17.

On March 4, 1994, the Appeals Council denied Mr. Zurek's request for review of the ALJ's determination, thereby rendering final the decision denying his claim for disability benefits. Tr. 3–4.

Plaintiff now requests a reconsideration of the decision, alleging a remand is warranted due to the compilation of new and material medical evidence. Specifically, plaintiff offers new evidence of a herniated disc and CT scan results. He asserts that these new records, from the Catholic Medical Center (CMC), Elliot Hospital (Elliot), and Manchester Community Health Clinic (Clinic), are crucial evidence of his knee and leg pain and should be considered in deciding on his disability status.

## DISCUSSION

### I. Consideration of New Medical Evidence.

Mr. Zurek asks this court to remand his case to the Secretary for further consideration with instructions to allow admission of evidence not previously submitted to the ALJ or the Appeals Council. In supporting this request, Mr. Zurek argues that crucial evidence was unavailable at the time of the administrative hearing, and would likely have affected the ALJ's decision.

■ Under section 405(g), a court may remand a case to the Secretary and order additional evidence to be taken "upon a showing that there is *new evidence which is material* and that there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding...." 42 U.S.C. § 405(g) (Supp.1993) (emphasis added).

## A. MATERIALITY OF NEW EVIDENCE

■ For purposes of section 405(g), evidence "qualif[ies] under the new/material standard" if the evidence is "meaningful—neither pleonastic nor irrelevant to the basis for the earlier decision." *Evangelista v. Secretary of Health and Human Services*, 826 F.2d 136, 139–40 (1st Cir.1987). One of the requirements for satisfying the newness requirement is that the evidence not be cumulative or merely a reinterpretation of evidence presented at the hearing before the ALJ. *Id.* at 139–40. To meet the materiality requirement, the court must conclude "that the Secretary's decision might reasonably have been different had the new evidence been before him at the time of his decision." *Falu v. Secretary of Health and Human Services*, 703 F.2d 24, 27 (1st Cir. 1983).

In support of the request to remand, plaintiff submits the records (for the period May 4, 1994 to June 29, 1994) of treating physician Catherine V. Dwyer, M.D., a CT scan report dated June 24, 1994, and physical therapy records dated July 12, 1994. The assessment by Dr. Dwyer indicates that Mr. Zurek "has a large disc herniation L4–5 left and the possible disc fragments first nerve root anomaly on the left recess." (Catherine Dwyer, M.D. office notes dated July 1, 1994). Dr. Dwyer also indicates that the CT scan results explain the pain Mr. Zurek is having on the medial aspect of his leg and his big toe.

Although the evidence presented at the ALJ hearing consisted of medical reports and evaluations which led the ALJ to conclude in his final decision (dated September 23, 1993) that "the claimant has severe arthralgia of the knees, history of fracture of the right ankle and obesity" (Tr. 17), the evidence now put forth by Mr. Zurek provides a more thorough and evaluative diagnostic evaluation bearing on the underlying basis of the ALJ's final decision.

■ The court finds that the medical reports and examinations conducted, subsequent to the ALJ's final determination, are not cumulative or a reinterpretation of the evidence presented and considered at the administrative hearing and, therefore, are properly classified as new evidence. Further, such evidence is material in that the evidence contains medical assessments which are relevant to the Secretary's earlier findings that plaintiff's impairment is not disabling.

## B. GOOD CAUSE

■ Plaintiff next asserts that the evidence now under consideration was not available at the time of the hearing. He states that the lateness of these new reports is due solely to the fact that he was forced to remain on a waiting list at the Manchester Community Health Clinic. Succinctly, Mr. Zurek states that due to his lack of monetary resources or medical insurance he was placed on the hospital waiting list, and thus was not allowed to undergo crucial full scale diagnostic tests prior to or at the time of the administrative hearing.

The court finds compelling Mr. Zurek's cause in failing to incorporate the evidence at his prior hearing. Therefore, a remand is appropriate in order to reevaluate plaintiff's condition taking into account the additional evidence. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78 (1991) (under § 405(g), "the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding").

## II. New Consultative Orthopedic and Neurologic Examination.

Plaintiff also requests this court to allow reports and conclusions from consultative orthopedic and neurologic examinations, to be conducted in the future, to be considered at a new hearing on remand. Plaintiff provides no explanation to this court to support his request for entirely new examinations, however.

■ This request is easily distinguishable from the aforementioned discussion allowing additional review of new evidence. Fundamentally, the CMC, Elliot and Clinic records previously discussed were found to meet both

the materiality/newness and good cause requirements. Allowing such evidence under these standards is regarded as a reasonable means of "develop[ing] the facts of the case fully...." *Evangelista v. Secretary of Health and Human Services,* 826 F.2d 136, 139 (1st Cir.1987).

However, allowing subsequent and entirely new consultative orthopedic and neurologic examinations does not comport with the standard of allowing new evidence which is material only if there is good cause for failing to incorporate the evidence into the record in a prior proceeding. Concisely, although new examinations may provide material evidence which could shed additional light on plaintiff's condition, this court opines that plaintiff has failed to provide good cause for not conducting these examinations prior to this point.

■ Defendant is correct in the assertion that if the plaintiff simply wishes to present evidence relative to his disabled status after the close of the period in question and cannot show both newness/materiality and good cause for the subsequent presentation, the proper procedure is to file a new application alleging a new onset date. The Secretary could then review the claimant's entire past medical evidence to establish the developmental length of the impairments, but any resulting disability benefits determination would relate back only to the new onset date. *Frustaglia v. Secretary of Health and Human Services,* 829 F.2d 192, 193 (1st Cir. 1987).

This court is extremely reluctant to allow plaintiff to have repeated bites of the apple. Therefore, plaintiff's request for a new consultative orthopedic and neurologic examination, for purposes of compiling evidence which will relate back to the initial onset date, is denied.

### CONCLUSION

In order for a court to consider a remand based on additional evidence, a plaintiff has a two-step burden. First, he must demonstrate that the evidence being offered is new and material and not merely duplicative. Second, a plaintiff must show or provide good cause for not offering that evidence at the initial administrative hearing.

In the case at hand, this court finds the CMC, Elliot, and Clinic evaluations and final reports offered by plaintiff to be new, material, and not in existence prior to the Secretary's final decision. Further, the court finds that good cause exists for plaintiff's failure to previously incorporate the evidence into the record. Thus, remand under sentence six of section 405(g) is appropriate, for this court opines that consideration of the additional evidence might reasonably have altered the outcome of the final determination.

For the reasons stated above, the Secretary's decision is reversed, and plaintiff's Motion to Remand is granted with instructions that the new evidence be considered during a subsequent hearing. However, the plaintiff is not entitled to present for consideration, results and evaluations from entirely new orthopedic and neurologic examinations.