Heriberta SEPULVEDA, Plaintiff,

v.

John J. CALLAHAN, Acting Commissioner of Social Security Defendant.

Civil No. 97–1365(PG).

United States District Court, D. Puerto Rico.

April 16, 1998.

Octavio Díaz Negrón, Humacao, PR, for Plaintiff.

Lillian Mendoza Toro, Asst. U.S. Attorney, Hato Rey, PR, for Defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

This is an action under § 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying plaintiff's application for disability insurance benefits. Plaintiff contends the Commissioner's decision is not supported by substantial evidence on the record as a whole. Also before the Court are plaintiff's motion to remand based on new and substantial evidence (Dkt.# 6) and defendant's opposition thereto (Dkt.# 7).

## BACKGROUND

Plaintiff filed an application for disability insurance benefits alleging she has been disabled and unable to work since January 1990. Her application was denied initially and on reconsideration. After a hearing, the Administrative Law Judge ("ALJ") found that plaintiff was not under a disability as defined by the Social Security Act at any time on or before June 30, 1993, the date her period of disability insurance expired. The Appeals Council approved the ALJ decision on January 17, 1997. This being the final decision of the Commissioner it is subject to judicial review. See 42 U.S.C. § 405(g). Plaintiff complains that the decision of the Commissioner is not supported by substantial evidence and should be revoked. See id. Plaintiff also moves for a remand on the basis of new and substantial evidence.

Plaintiff is currently 50 years-old. She was 49 on her date last insured. She has a high-school education and lived in the United States for about ten years, but claims she does not know how to communicate in English. She worked as a sewing machine operator and cleaning houses up for sale. The ALJ found that plaintiff suffered from musculoskeletal, respiratory, hypertensive, hernia and mental conditions and that their combined effect amounts to a severe impairment. He found that the evidence did not establish a medically determinable basis for the claim-

ant's subjective complaints to the degree of severity alleged and that they were not credible relative to the period before June 30, 1993. He also found that plaintiff had the residual function capacity to perform work related activities except for work involving heavy exertion and exposure to insecticides, fumes or gases and that the mental component of her impairment caused only slight restriction of daily living activities and maintaining social functioning. He further found that plaintiff's past relevant work experience as a housekeeper and sewing machine operator did not require the above limitations and that her impairments did not prevent her from performing them on or before June 30, 1993. The ALJ concluded that plaintiff was not under a disability as defined by the Social Security Act, at any time on or before the date when her insured status expired.

## NEW AND MATERIAL EVIDENCE ARGUMENT

Plaintiff requests that this Court remand the case to the Appeals Council pursuant to § 405(g) for consideration of new and material evidence. Plaintiff contends that plaintiff's treating physician, Dr. Miguel Flecha has agreed to provide additional information related to the period on or before the date of the ALJ decision; that the ALJ decision mentioned Dr. Flecha's medical reports but did not provide a rationale for not giving credibility to his findings; and that Dr. Flecha's sworn statement is new and material evidence which could change the outcome of plaintiff's claim.

■ Section 405(g) provides in pertinent part that the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding .... " 42 U.S.C. § 405(g). The moving party bears the burden of proving that the aforementioned requirements have been met. See Evangelista v. Secretary of Health and Human Serv., 826 F.2d 136, 139 (1st Cir.1987). The Court finds plaintiff has failed in this respect.

■ Plaintiff seeks a remand for the sole purpose of introducing into the record a brief statement by Dr. Miguel Flecha, dated June 11, 1997, where the doctor expresses his opinion that the diagnosis of plaintiff's mental condition was present at all times that he treated plaintiff. Plaintiff offers this evidence to counter the ALJ's conclusion that the claimant's mental symptomology[1] was not present prior to the date when the period of insurability elapsed.[2] The Court agrees with defendant that Dr. Flecha's statement is not new and material evidence.

■ Remand is indicated only if the Commissioner's decision "might reasonably have been different" had the proposed new evidence been considered. *Falu v. Secretary of Health and Human Serv.*, 703 F.2d 24, 27 (1st Cir.1983). *See also Evangelista, supra,* at 140. There is other evidence of plaintiff's mental health, already in the record, which indicates that, at least through May 1992, plaintiff suffered from only a mild, non-disabling mental condition. Moreover, Dr. Flecha does not offer any contemporaneous office notes to support his conclusion. He simply states that after reviewing Dr. Reyes' psychiatric evaluation of November 1, 1994 he can state that plaintiff's functional limitations were present at all times plaintiff was his patient. (Mot. Remand, Exh.1) (Dkt.# 6). This lack of support weights in favor of a finding of non-materiality. *See* 20 C.F.R. § 404.1527(d)(3). We also note that Dr. Flecha, a family practitioner, never referred plaintiff for further psychiatric evaluation during the period prior to the expiration of her insured status. This leads the Court to conclude that her condition could not have been as severe as Dr. Flecha now claims it was. The fact that Dr. Flecha disagrees with the ALJ's conclusion that the claimants mental condition was not present until after her period of insurability had expired, does not, without more, render his opinion new and material evidence. *See Evangelista, supra,* at 140.

■ Even if we were to assume that plaintiff's tender comprised new and material evidence, remand does not lie because plaintiff has also failed to satisfy § 405(g)'s "good cause" requirement. Plaintiff avers no reason whatsoever to justify her failure to present Dr. Flecha's statement to the ALJ. The claimant has the burden of proving that her mental ailment was of a disabling level as of the date when she last qualified for disability benefits. *See Deblois v. Secretary of Health and Human Serv.*, 686 F.2d 76, 79 (1st Cir. 1982). The mere fact that plaintiff was unable to so persuade the ALJ is not enough to warrant a remand.

**WHEREFORE**, plaintiff's motion to remand on the basis of new and material evidence (Dkt.# 6) is hereby **DENIED**.

## SUBSTANTIAL EVIDENCE ARGUMENT

■ The Court reviews the findings of the Commissioner to determine whether the decision is supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). *See also Lizotte v. Secretary of Health and Human Serv.*, 654 F.2d 127, 128 (1st Cir. 1981). Where the facts permit diverse inferences, the Court must affirm the Commissioner's decision even if it might have reached a different result. *See id.*

■ Plaintiff argues that, with respect to the ALJ's assessment of her mental condition, the ALJ relied too heavily on the records from the Humacao Mental Health Center. She contends that even if these records demonstrate only a slight metal condition, they do not cover the full span of plaintiff's

---

1. In a report dated November 1, 1994, Dr. Reyes Laborde states that plaintiff suffers from a chronic severe anxiety disorder and a dysthymic disorder which, in his opinion, renders her totally and permanently disabled.

2. Plaintiff was insured until June 30, 1993. Dr. Flecha asserts under oath that since January 17, 1992 trough July 6, 1993 he has seen plaintiff at least on twelve occasions. (Mot.Remand, Exh. 1) (Dkt.# 6).

insurability period. The Humacao records pertain to the period between March 16, 1991 through March 14, 1992, plaintiff had insurance coverage up until June 30, 1993, thus, there is a period of a little over fifteen months that is unaccounted for. Plaintiff contends that her condition could have deteriorated during these months and that there is nothing in the record supporting the ALJ's assumption that her condition remained slight. Plaintiff, however, is mistaken in that it is *her* burden, not the Commissioner's, to prove disability within the meaning of the Social Security Act. *See Bowen v. Yuckert*, 482 U.S. 137, 146–47 & n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (noting that plaintiff has the burden of proof through step four of the sequential evaluation process described in 20 C.F.R. § 404.1520). "It is not unreasonable to require the claimant, who is in a better position to provide information about [her] own medical condition, to do so." *Id.* The fact that there is no evidence of her mental condition during the fifteen months prior to the lapse of her insured status weights, not in her favor, as she claims, but, rather, against her.

■ Plaintiff also takes issue with the fact that the ALJ refused to consider evidence of her mental disorder which was generated after her period of insurability had expired. Plaintiff last met the insured status of the Act requirement on June 30 1993. To prevail, she must establish that she became unable to engage in substantially gainful activity prior to such date. *See Deblois v. Secretary of Health and Human Serv.*, 686 F.2d 76, 79 (1st Cir.1982). The record, however, contains no evidence of significant mental disorder of a disabling severity prior to June 30, 1993. *See id.* On the contrary, there is evidence from state agency psychologists who reviewed the medical evidence of record and concluded that plaintiff had no severe mental impairment during the relevant period. (R. at 136, 143) This Court is thus convinced that, based on the evidence before him, the ALJ's findings that the plaintiff did not suffer from a disabling mental impairment prior to June 30, 1993 is supported by substantial evidence.

■ Additionally, plaintiff argues that the ALJ erred in not giving controlling weight to either of her two treating physicians, Dr. Flecha and Dr. Reyes, pursuant to 20 C.F.R. § 404.1527(d)(2). However, a treating physician's opinion is not the final word on a claimant's disability. *See Books v. Chater*, 91 F.3d 972 (7th Cir.1996). It is up to the ALJ to make the ultimate determination of disability, subject only to the requirement that his decision be supported by substantial evidence on the record as a whole. *See Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir.1990); *Lizotte, supra*, at 128. The regulations provide:

> Generally, we give more weight to the opinions form a [claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is *well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record,* we will give it controlling weight.

20 C.F.R. § 404.1527(d)(2) (emphasis added). This subsection must be read together with the one on supportability: "The more a medical source presents relevant evidence to support an opinion, particularly medical finds and laboratory findings, the more weight we will give an opinion." 20 C.F.R. § 404.1527(d)(3).

■ With respect to Dr. Flecha, the only evidence on the record pertaining to the period at issue is a Disability Determination Program General Medical Report (R. at 212–17) opining that the claimant has "poor ability to do work related activities due to depression" (R. at 217) and a "To whom it may concern" letter dated October 31, 1994 (R. at 223–25), where he concludes that Heriberta Sepúlveda is "completely disabled/or [sic] any gainful

work related activity." (R. at 224). As noted by the ALJ, no progress notes were submitted with Dr. Flecha's letter. The Court finds the ALJ committed no error in refusing to afford controlling weight to Dr. Flecha's conclusory opinion for, under the regulations, it is not well supported and is inconsistent with other substantial evidence in the case record. *See* 20 C.F.R. § 404.1527(d)(2)–(3). *See also Rodriguez–Pagan v. Secretary of Health and Human Services,* 819 F.2d 1, 3 (1st Cir.1987) (holding that so long as the record arguably justifies a different conclusion, there is no basis to question the Commissioner's decision not to credit the medical findings of two treating physicians). With respect to Dr. Reyes, he did not commence treating plaintiff until after her insurance period had expired and his opinion, even if credible, cannot serve as the basis for granting disability benefits. *See Deblois, supra.*

 Lastly, plaintiff complains that after the ALJ found she has the residual function capacity to perform work-related activities, except work that involves exposure to insecticides, fumes or gases, due to respiratory impairment, he nevertheless found her able to work as a housekeeper. She argues that with these respiratory limitations she is unable to perform her duties as a housekeeper. The Court finds that, while some aspects of the job of a housekeeper might require exposure to insecticides and detergent fumes, the record nevertheless supports the ALJ's conclusion of non-disability for there are other aspects of the job which she can readily perform. Second, even if she could not perform work as a housekeeper, plaintiff also has past relevant work experience as a sewing machine operator and her residual function capacity allows her to perform this kind of work without limitation. This, in itself, is enough to support a finding of not disabled at step four of the sequential analysis: her impairment does not prevent her from performing work she has performed in the past. *See* 20 C.F.R. § 404.1520(e) Finally, even if there were any conflicts of evidence concerning the severity of plaintiff respiratory impairment and her ability to perform past relevant work, the resolution of such conflict is for the ALJ, who had the opportunity to observe plaintiff at the administrative hearing, to decide. *See Rodriguez–Pagan, supra,* at 3. We note, once again, that where the facts permit diverse inferences, the Court must affirm the Commissioner's decision even if it might have reached a different result. *See Lizotte, supra,* at 128.

**WHEREFORE,** there being substantial evidence on record to support the Commissioner's decision that plaintiff failed to establish she was disabled within the meaning of the Social Security Act, and that, therefore, she was not entitled to disability benefits, the Court hereby **AFFIRMS** the decision of the Commissioner in the instant case.

**IT IS SO ORDERED.**