[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1448

LUZ M. DELGADO,

Plaintiff, Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U. S. Magistrate Judge]

---

Before

Torruella, Chief Judge,
Boudin and Lipez, Circuit Judges.

---

Nestor Juan Rodriguez on brief for appellant.
Guillermo Gil, United States Attorney, Lilliam Mendoza Toro, Assistant United States Attorney, and Robert M. Peckrill, Assistant Regional Counsel, Social Security Administration, on brief for appellee.

---

December 27, 2000

---

**Per Curiam**. Claimant-appellant Luz M. Delgado Lopez appeals from a judgment of the district court upholding a decision of the Commissioner denying her social security disability benefits. Claimant argues that the Administrative Law Judge ("ALJ") failed to give proper weight to the opinions of treating and examining sources, failed to consider the record as a whole, and failed to apply the correct Medical Vocational Guideline (or "Grid" rule). Based on these arguments, claimant urges us to reverse the judgment of the district court. In the alternative, claimant requests that we vacate and remand for a new determination by the Commissioner in light of additional evidence.

Upon careful review of the briefs and record, we reject the claimed errors in the ALJ's decision essentially for the reasons stated by the magistrate judge.[1] The magistrate judge adequately addresses claimant's challenge to the weighting of the evidence. Claimant's suggestion that the ALJ failed to consider the evidence as a whole is

---

[1]We note one correction. The ALJ found that claimant's birth date is August 29, 1946, and claimant has not challenged this finding on judicial review.

-2-

meritless. Claimant's contention that the ALJ failed to apply the correct Grid rule is predicated on her argument that the ALJ should have accepted the functional limitations found by Dr. Marin. However, given that the ALJ was not bound by Dr. Marin's findings, the argument fails.

We also reject claimant's request for a remand for the taking of additional evidence. The controlling statute provides in pertinent part that the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceedings." 42 U.S.C. § 405(g). As explained below, we conclude that the proffered evidence--a Certificate from the Puerto Rico Department of Education and a Resolution from the Puerto Rico Industrial Commission--fails to meet this standard.

The Certificate indicates that claimant did not complete the requirements of a high school education, contrary to the finding of the ALJ. However, given the ALJ's finding that claimant is capable of light work and was a younger individual at the relevant time, the Grid rules direct a finding of not disabled regardless of claimant's

educational level.  Under the circumstances, the Certificate is not material.  <u>See</u> <u>Evangelista</u> v. <u>Secretary of Health & Human Servs.</u>, 703 F.2d 24, 27 (1ˢᵗ Cir. 1987) (explaining that evidence is material only if, were the proposed new evidence to be considered, the Secretary's decision might reasonably have been different).

Claimant makes no effort to spell out, in any detail, the significance of the Resolution.  The Resolution contains no first hand medical evidence, but rather references a magnetic resonance scan ("MRI") apparently administered to claimant at her personal physician's request in 1996 (while the case was pending before the agency). Claimant does not proffer a copy of the MRI, and its significance is not entirely clear.  Assuming for the sake of argument that the MRI is favorable to claimant, she has failed to demonstrate good cause for the failure to incorporate it into prior proceedings.

<u>Affirmed</u>.