Esther CAMACHO LORENZO,
Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant.

No. CIV.02–1711 (JAC–DRD).

United States District Court,
D. Puerto Rico.

Aug. 21, 2003.

Salvador Medina–De–La–Cruz, Río Piedras, PR, for Plaintiff.

Camille L. Vélez–Rivé, United States Attorney's Office, Torre Chardón, San Juan, PR, for Defendant.

## OPINION AND ORDER

CASTELLANOS, United States Magistrate Judge.

Plaintiff, who had filed an application for disability insurance benefits alleging inability to work as of September 11, 1998, submits this action seeking judicial review of the final decision of the Commissioner of Social Security (the Commissioner) denying her entitlement to a period of disability and ensuing benefits. Social Security Act, 42 U.S.C. § 405(g).

After her initial application was denied, an administrative hearing was held on May 8, 2000. The Administrative Law Judge issued an opinion again denying benefits and it thereafter became by adoption of the final decision of the Commissioner. The presiding Administrative Law Judge (ALJ) considered that claimant, who was 46 years-old, with a seventh grade education and past relevant work experience as waitress, hotel housekeeper, and as tuna cannery worker, did not meet the listing of impairments but did suffer a condition that compromised her work capacities and prevented her from performing her previous work. The ALJ found claimant suffered from hyperthyroidism and migraine headaches, which did not prevent her from performing work for years and were mild. She also suffered from uncompromising and intermittent episodes of anxiety but not from any disabling mental condition.

The vocational expert testified at the administrative hearing, under the hypothetical premises submitted, that there were jobs available with the residual functional capacity of light kind of work and well within the physical demands that claimant could fulfill.

■ The initial showing of disability places on claimant the burden to show

inability to perform her past relevant job. The burden then shifts to the Commissioner to prove the existence of other jobs in the national economy that plaintiff can still perform. *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5 (1st Cir.1982); *Torres v. Secretary of Health & Human Servs.*, 677 F.2d 167 (1st Cir.1982). *See Vázquez v. Secretary of Health & Human Servs.*, 683 F.2d 1 (1st Cir.1982); *Geoffroy v. Secretary of Health & Human Servs.*, 663 F.2d 315 (1st Cir.1981).

■ This Magistrate has examined the medical evidence and the record as a whole. Throughout the available record, the patient is described as alert and oriented. She complained of mild pain in the right knee and episodes of cervical pain. She suffered from migraine headaches for the last 24 years. An EEG (electroencephalogram) test in 1997 evaluated by a neurologist was negative. There is a normal carotid doppler study. The plaintiff underwent surgery for rotator cuff tear in February of 1999 that was uneventful.

In regard to the psychiatric condition there are some notes dated March of 1999 about anxiety bouts by the treating physician, Dr. Jesús V. Gómez Puche. A psychiatric report dated May 10, 1999, refers that the patient had stopped working in 1998 because of an automobile accident and underwent surgery of the right shoulder. The record of daily activities show that plaintiff, who lives with her husband and teenage son, does house chores that require little exertion, watches television and takes care of her personal hygiene. She goes out of her house for medical appointments, to shopping centers, and to visit relatives accompanied by her husband. A mental examination, after her insured period had expired, describes her as having a cooperative attitude and clear verbal expression, with normal psychomotor activity. She maintained eye contact

with the interviewer and her affect was adequate. Her mood was anxious and tense, but she was logical, coherent, and relevant. The patient showed diminished attention and concentration, in particular as to her immediate memory, but recent and remote memory was preserved. Judgment was considered adequate, as well as insight. The diagnosis was of major depression, severe, recurrent. She was competent to manage her own funds.

There is consultative evaluation on the record that finds claimant able to understand, remember and carry out simple instructions, able to sustain attention or concentration for at least two-hour intervals and to complete a normal workday without undue interruptions. In November 24, 1999, an evaluation by Dr. César Padilla Maldonado, refers that the patient showed improvement in her mood.

The administrative record shows there was adequate consideration of the medical evidence in the record. The ALJ also properly considered complaints of pain and limitations under *Avery v. Secretary of Health and Human Services*, 797 F.2d 19 (1st Cir.1986). Through the testimony of the vocational expert, Miguel Cruz, and under the hypothesis that claimant could perform light and non-skilled type of work, where she need not lift her arms above the shoulders in a repetitive manner, available jobs were identified, such as can inspector, filling operator, and packer. The ALJ's opinion also indicated that considering the evidence prior to March 31, 1999, claimant's last insured status, her anxiety was mild to moderate in intensity, but she otherwise had conserved mental status and functioning. The medical report subsequent to such time period was also considered, contrary to assertions of plaintiff's counsel, but it was found to be mostly based on subjective allegations and not

214

consistent with other evidence of record and the claimant's overall functioning.

▮▮▮ To review the final decision of the Commissioner, courts must determine if the evidence of record meets the substantial evidence criteria to support the Commissioner's denial of plaintiff's disability claim. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence. *See Falú v. Secretary of Health & Human Servs.*, 703 F.2d 24 (1st Cir.1983).

This Magistrate concludes that an examination of the evidence in the record as a whole shows the existence of substantial evidence to support the decision of the Commissioner denying plaintiff's entitlement to a period of disability and benefits. The decision of the Commissioner is thus AFFIRMED.

IT IS SO ORDERED.